# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**TONY BLASINGIM**                                                                     **PLAINTIFF**

**v.**                               **CIVIL ACTION NO. 5:17CV-12-TBR**

**LOURDES EMERGENCY ROOM**                               **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Tony Blasingim filed this *pro se* civil complaint (DN 1). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

## I.

Plaintiff sues the Lourdes Emergency Room, and he alleges that "[t]hey did not follow medical protocol." Further, Plaintiff explains that he was taken by ambulance to the emergency room at Lourdes on October 25, 2016. Plaintiff states that he showed the doctor his toe and told the doctor his concerns about his toe. Plaintiff states that the doctor "did not order any tests or pictures" of Plaintiff's toe before releasing him. According to Plaintiff, he subsequently saw a podiatrist. Plaintiff states that the podiatrist told him that his toe had gangrene and that he should have been admitted to the hospital. Plaintiff states that he "still may lose [his] toe . . . and [he] could've died over there neglect."

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress.

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364.  Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998).  Without jurisdiction, courts have no power to act.  *Id.* at 606.  The burden of establishing jurisdiction rests with the plaintiff.  *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).  Additionally, this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff has failed to meet his burden of establishing this Court's jurisdiction.  First, under 28 U.S.C. § 1332, the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen*

*Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*).  According to the complaint, Plaintiff is a citizen of Kentucky and resides in Paducah, Kentucky, and Defendant is a hospital located in and doing business in Paducah, Kentucky.  Thus, the complaint fails to satisfy the complete diversity-of-citizenship requirement.  For this reason, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

Additionally, under the federal-question statute, 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff is alleging medical negligence on the part of Defendant.  He does not allege any violation of the Constitution, laws, or treaties of the United States.  Nor is the Court aware of any authority under which Plaintiff may invoke the jurisdiction of this Court to remedy the wrong about which he complains.  Thus, this Court does not have federal-question jurisdiction over this complaint.

### III.

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed.  The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4413.003